Case 5:26-cv-00008   Document 12   Filed 01/23/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JULIO CESAR VILLEGAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-8 |
| | § | |
| KRISTI NOEM *et al.* | § | |

## ORDER FOR ADVISORY

Julio Cesar Villegas, an alien detained at the Webb County Detention Facility in Laredo, Texas, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1 at 3, ¶ 15). In his petition, he named the following Respondents: Kristi Noem and Miguel Vergara (*see* Dkt. No. 1). Respondents collectively filed their response to the petition (Dkt. No. 10). As explained below, the Court has independently identified a potential issue that may affect jurisdiction.

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

Here, Petitioner requests that the Court "[o]rder the immediate release of Petitioner" and "order Respondents to schedule a bond hearing for Petitioner's removal

1

proceedings" (Dkt. No. 1 at 18). His primary sought relief is release, and, thus, Petitioner challenges his physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of his facility, the Webb County Detention Facility, as a respondent in this action.[1] A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). Failing to directly address this issue, Respondents merely note that "it is the originally named federal respondents, not the named warden in this case, who make the custodial decisions" (Dkt. No. 10 at 1 n.1). Because the Court's final order may require action by the warden, the Court seeks to ensure that its authority properly extends to him.

Accordingly, the Court **ORDERS** the parties to file a joint advisory addressing the above jurisdictional concern by **Wednesday, January 28, 2026, at 3:00 p.m.**

It is so **ORDERED**.

**SIGNED** January 23, 2026.

　　　　　　　　　　　　　　　　　　　　Marina Garcia Marmolejo
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] To the Court's knowledge, the current warden of the Webb County Detention Facility is Mario Garcia.